IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCIAL CASTRO, § | | |
|     Movant, § | | |
| § | | **3:16-CV-1819-G** |
| v. § | | **3:10-CR-0204-G (01)** |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**I.  Background**

Marcial Castro was removed from the United States on account of his Texas conviction for aggravated robbery. He later reentered the United States illegally, was arrested, and pleaded guilty to unlawful reentry after removal. At sentencing, the Court counted his prior aggravated robbery conviction as a crime of violence under United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii) and so increased his offense level by 16. He was sentenced accordingly to 120 months in prison with three years of supervised release.

After an unsuccessful direct appeal, *see United States v. Castro*, 435 F. App'x 407 (5th Cir. 2011), *cert. denied* 566 U.S. 924 (2012), Castro filed this 28 U.S.C. § 2255 motion. He claims that the Court erred in increasing his offense level under Section 2L1.2 because that

section's definition of the phrase "crime of violence" is unconstitutional in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court ordered the government to respond to Castro's motion. The government instead moved to stay this case pending the resolution of *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). A stay was entered and then lifted after *Beckles* was announced.

## II. Discussion

Castro claims that the Court erred when it applied a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his prior robbery conviction. That section applies where the defendant reenters the country after he was previously removed on account of a crime of violence. A crime of violence, in turn, is defined as one of the enumerated offenses – including robbery – or "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2(b)(1)(A)(ii), cmt. n.1(B)(iii).

Castro argues that the residual clause of Section 2L1.2's definition of crime of violence is void for vagueness after *Johnson*. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. But Castro was not convicted of violating the Armed Career Criminal Act, and that is not the statute he challenges here. Rather, he seeks to extend the reasoning of *Johnson* to challenge the residual clause in U.S.S.G. § 2L1.2(b)(1)(A)(ii), which defines "crime of violence" as any crime "that has as an element the use, attempted use, or

threatened use of physical force against the person of another."

He is not entitled to relief for at least two reasons. First, Section 2L1.2(b)(1)(A)(ii) lists "robbery" as a crime of violence. *See* 2L1.2(b)(1)(A)(ii), cmt. n.1(B)(iii) (defining "crime of violence" as any of the listed offenses, including robbery); *see also De La Cruz-Tellez v. United States*, No. 3:16-cv-1667-L, 2017 WL 3621780, at *1 (N.D. Tex. July 19, 2017), *rec. adopted* 2017 WL 3601754 (N.D. Tex. Aug. 22, 2017) (noting that Section 2L1.2(b)(1)(A)(ii) names robbery as one of the offenses that qualify as crimes of violence). So, there is no merit to Castro's argument that the Court relied on the residual clause, which is the only clause that is challenged here. Second, and more fundamentally, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 889, 892 (2017); *see also Woodson v. United States*, ___ F. App'x ___, ___, 2017 WL 2857011, *1 (11th Cir. 2017) ("In *Beckles*, the Supreme Court recently affirmed that the advisory Sentencing Guidelines are not subject to the same vagueness challenge under the Due Process Clause as the [Armed Career Criminal Act]."); *see also De La Cruz-Tellez*, 2017 WL 3621780, at *1 (holding that *Beckles* forecloses an "argument, on collateral review, that Section 2L1.2 of the Guidelines is void for vagueness.").

### III.  Recommendation

For the foregoing reasons, it "plainly appears" that Castro "is not entitled to relief" on his Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts; *see also Paz v. United States*, No. 3:16-cv-1815-M-BN, 2017 WL 2954651 (N.D. Tex. May 18, 2017) ("[I]t 'plainly appears' that Movant 'is not entitled to relief' on the Section 2255 motion, and the motion should

be dismissed.") (citing Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts), *rec. adopted*, 2017 WL 2954397 (N.D. Tex. Jul. 7, 2017).

      Signed this 20th day of October, 2017.

                              PAUL D. STICKNEY
                              UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).